ELLIS, Judge.
This case arises out of an accident which happened when an automobile owned and operated by Alvin W. Frierson, Sr. hit two horses, one owned by George W. Fal-gout, and the other owned by Harold Seals. The accident happened on U. S. Highway 190, about seven miles east of Slidell, Louisiana. Plaintiff in the first case is Audubon Insurance Company, which was the collision insurer of Mr. Frierson, suing as subrogee for the damages to his automobile. The plaintiffs in the other suit are Mr. Frierson and his wife, who was a guest passenger in his car, and Huey Faciane, father of Randy Faciane, Mr. Frierson’s grandson, who was also a guest passenger in the car. The defendants in the case are George W. Falgout, Daniel F. Dettwiller, who was caring for the horse for Mr. Fal-gout, and Harold Seals. Dean A. Taylor was also named as a defendant in both suits, but the suits were dismissed against him by the final judgments and no complaint is made as to the correctness of this determination.
After trial on the merits, judgment was rendered in favor of Audubon Insurance Company and against Falgout, Dettwiller, and Seals for $2,509.50, the amount of loss sustained by the insurance company. Judgment was rendered in the other case in favor of Mrs. Frierson and against the above three defendants for $750.00; in favor of Huey Faciane on behalf of his minor son, Randy Faciane, for $500.00, and in favor of Huey Faciane individually for $83.70; and in favor of Alvin Frierson and against the same three defendants for $14,889.34. From these judgments, defendant Falgout has taken a suspensive appeal. Dettwiller and Seals did not appeal, and the judgment is final as to them.
U. S. Highway 190 at the point where the accident happened is a stock law highway, and horses are not permitted to roam freely thereon. Mr. Falgout’s horse was a race horse, half thoroughbred and half quarter horse. She was being kept by Mr. Dettwiller under an agreement whereby he was to stable and feed her and train her to race. He and Mr. Falgout were to share equally in the profits from her racing. At the time of the accident and for some time prior thereto, the horse had been kept on a piece of ground known as the McKean property. On the McKean property was situated a barn and stable, a fenced paddock, and several fenced pastures. At the time of the accident, the testimony in the record is to the effect that the fences around the pasture were in good shape. At any rate, there is no evidence in the record to show that either of the animals broke out through the fence.
According to Mr. Dettwiller’s testimony, every evening either he or one of his sons went to the McKean property, fed the horse, and put it in a stall in the stable. The door to the stall was closed with a sliding bolt. The door to the stable was also closed with a bolt. The gate to the paddock was closed and bolted, and a wire gap in the pasture fence was closed. Mr. Dettwil- *844 ler testified that on the evening of the accident, he had. gone to the McKean property and had stabled and fed the horse. He further testified that when he went back that evening after having been told that there was an accident involving two horses on the highway, he found that the door to the stall and the stable had been opened, the paddock gate was open, and the wire gap was down. He was unable to account for how this had happened. Mrs. Taylor, who lived on the property adjoining the Mc-Kean property, testified that Mr. Dettwiller or his sons were most assiduous in seeing that the horse was stabled and fed in the evening, and turned out to pasture in the morning.
When an animal is struck on a stock law highway, the burden of proof is on its owner to prove his freedom from negligence. Pitcher v. Audubon Insurance Company, 193 So.2d 833 (La.App. 1 Cir. 1966).
We believe that Mr. Falgout has borne the burden of proving that he was free from negligence. Mr. Dettwiller’s testimony is clear, uncontradicted, and is, to some extent, corroborated by Mrs. Taylor. The district judge did not doubt that Mr. Dettwiller had stabled the horse the night of the accident, but felt that the owner would be liable for damages caused by an unattended animal, even if it escaped because it was released by some third person. We do not so understand the law. As in the Pitcher case, supra, if the proper degree of care is exercised by the owner, he cannot be held responsible for the negligent or mis-chievious acts of others with whom he has no connection.
Since we are of the opinion that Mr. Fal-gout was not negligent, we need not consider the question of Mr. Frierson’s contributory negligence, which was raised as a defense.
Insofar as it affects Mr. Falgout, the judgment appealed from herein is reversed, and there will be judgment in his favor, and against plaintiffs, dismissing their suit as to George W. Falgout, at their cost.
Reversed and rendered.